STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-041

KIMBERLY A. COX,

Plaintiff

v.

**ORDER**

ROBIN RYAN d/b/a
ELEMENTS OF STYLE,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

DEC 08 2006

Before the Court is Robin Ryan's motion to compel withdrawal of Kimberly Cox's attorney, Patrick Bedard, and his law firm. Following hearing, the Motion is Granted.

## FACTUAL BACKGROUND

For several years, Kimberly Cox ("Cox") and Robin Ryan ("Ryan"), d/b/a Elements of Style, have litigated a dispute regarding Ryan's interior design services in Small Claims and District Court. The procedural history in this case is rather complex, but Cox obtained a judgment against Ryan for $4500 in Small Claims Court, which is the maximum allowable recovery in that forum. Ryan sought relief from the judgment in the District Court because Cox's alleged damages exceeded the Small Claims Court's jurisdictional limit. The District Court's finding that there was no subject matter jurisdiction in Small Claims Court, and its dismissal of the action, is currently on appeal to this Court.

Presently pending is Ryan's motion to disqualify Cox's attorney, Patrick Bedard ("Bedard"). Ryan alleges that she had a twenty-one minute telephone

conversation with Attorney Bedard in April 2006, in which she discussed the possibility of bringing suit against Cox regarding the same interior design dispute. In August 2006, Attorney Bedard entered an appearance on behalf of Cox in this appeal.[1] Attorney Bedard, through his law partner, Attorney Bobrow, states that he does not remember having the prior conversation with Ryan. He does not deny that it occurred; instead, he simply states that he does not recall it. If it did occur, Attorney Bedard claims that it would have been an initial consultation and would not have addressed substantive issues involved in Ryan's potential claim against Cox. Ryan claims that she sought legal advice and fears that information she discussed with Attorney Bedard could ultimately be used against her in this or future litigation.

## DISCUSSION

1.    Should Attorney Bedard Be Forced to Withdraw from This Action?

Attorney conduct is governed by the Maine Bar Rules. The Bar Rules are enforced by the Maine Supreme Judicial Court, which has supervisory power over attorneys. *Casco Northern Bank v. JBI Assocs.*, 667 A.2d 856, 859 (Me. 1995) (*quoting Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992)). The party moving to disqualify an attorney has the burden of proof and must demonstrate more than "'mere speculation'" that an ethics violation might occur, but "doubts should be resolved in favor of disqualification." *Id.* at 859. The court, however, must be vigilant to be sure that motions to compel disqualification of counsel are not used to gain a merely tactical advantage. *Id.* The trial court applying the Rules is to be accorded a deferential review. *Id.*

---

[1]    The parties have been represented by various counsel throughout this protracted process, and Ryan is now pro se.

The Maine Bar Rules contain both a duty of loyalty and a duty of confidentiality. A rule of particular applicability to this case is M. Bar. R. 3.4(a)(1), which states that prior to undertaking representation of a client, "a lawyer shall disclose to the prospective client any relationship or interest of the lawyer or of any partner, associate or affiliated lawyer that might reasonably give rise to a conflict of interest." A conflict of interest occurs where "there is a substantial risk that the lawyer's representation of one client would be materially and adversely affected by the lawyer's duties to another current client, to a former client, *or to a third person*, or by the lawyer's own interests." M. Bar R. 3.4(b)(1) (emphasis added). Notwithstanding a conflict, representation may proceed if a client has provided his or her informed, written consent.

Here, Ryan claims that she had a lengthy phone conversation with Attorney Bedard for the purpose of evaluating a potential claim against Ms. Cox, whom Attorney Bedard subsequently decided to represent. She avers that the decision to represent Cox, after having had a twenty-one minute consultation with her, presents a conflict of interest. The parties dispute whether any substantive issues were addressed in the alleged conversation. But, regardless of what was actually discussed, continued involvement by Attorney Bedard risks an appearance of impropriety.

Because the alleged conversation creates the appearance of a conflict which may have a negative impact on Ms. Ryan, such doubts must be resolved in favor of Attorney Bedard's disqualification. The Court does not explicitly find that Attorney Bedard has violated the Bar Rules; indeed, he enjoys a strong reputation for integrity. However, the appearance of a conflict of interest that

3

would materially and adversely affect the parties' case(s) is too great to allow Attorney Bedard to go forward with the representation.

Ms. Ryan's Motion to Disqualify is Granted and Ms. Cox must retain alternate counsel or advise the clerk she will represent herself within 30 days.

Dated:     November 20, 2006

G. Arthur Brennan
Justice, Superior Court

Patrick S. Bedard, Esq. - PL
David Ott, Esq. - DEF
Robin Ryan (pro se) - DEF.

4